## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

HARRY COLE                                                              **PLAINTIFF**

**vs.**                                              **Civil Action No. 3:05-cv-311 WS**

**WAL-MART STORES, INC.**                                        **DEFENDANT**


## ORDER DENYING REMAND

Before the court is plaintiff's motion asking this court to remand this lawsuit to the state court wherein it was initially filed **[docket # 3]**.  Plaintiff here is Harry Cole who filed his complaint on or about January 26, 2004, in the Circuit Court of the First Judicial District of Hinds County, Mississippi.  In his complaint asserting claims of negligence and vicarious liability, plaintiff seeks damages against the defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") for bodily injuries, lost wages, pain and suffering, emotional distress, loss of enjoyment of life and other damages.  By his motion filed pursuant to Title 28 U.S.C. 1447(c),[1] plaintiff contends that this federal court does not have subject matter jurisdiction over this lawsuit.

This is defendant Wal-Mart's second attempt to remove this lawsuit from state court.  Earlier, this court remanded this lawsuit to state court.  In its second notice of removal **[docket # 1]**, Wal-Mart asserts, as it did upon the first removal, that this court

_____

[1]Title 28 U.S.C. § 1447( c) provides in pertinent part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a) . . . .  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

has subject matter jurisdiction over this lawsuit under Title 28 U.S.C. § 1332,[2] because the parties are diverse in citizenship and because notwithstanding the face of plaintiff's complaint, plaintiff herein is requesting damages in excess of this court's minimal jurisdictional amount, that is, that plaintiff in his complaint is seeking a sum in excess of $75,000.00, exclusive of costs and interest. Having studied the briefs of the parties, this time this court is persuaded to deny plaintiff's motion for remand and to keep this lawsuit in federal court.

### Background Facts

Plaintiff commenced this action by filing a complaint, on or about January 26, 2004, in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Asserting claims of negligence and vicarious liability of Wal-Mart for alleged actions of its employees, plaintiff seeks damages for bodily injuries, lost wages, pain and suffering, emotional distress, loss of enjoyment of life, and other damages on a continuing basis. Plaintiff did not specify or limit the amount of damages sought through his complaint. In his *ad damnum* clause, plaintiff simply demands "actual and compensatory damages in an amount in excess of the minimum jurisdictional limits of [the] court, plus applicable costs and pre- and post-judgment interest."

Prior to filing his complaint, on October 1, 2003, plaintiff provided Wal-Mart with a settlement letter demanding the policy limits of all available liability insurance policies. In that letter, plaintiff set forth a list of alleged damages including medical

---

[2]Title 28 U.S.C. § 1332(a)(1) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between- (1) Citizens of different States . . . ."

2

expenses totaling $8,570.36, lost wages totaling $7,864.95 and psychological damages.

Based upon plaintiff's pre-complaint demand and the unspecified amount demanded in his complaint, Wal-Mart originally removed the matter to this court, within thirty (30) days of service, on or about March 18, 2004.  Thereafter, Plaintiff moved to remand on April 30, 2004.  In his original motion to remand (paragraph four), plaintiff stated that defendant Wal-Mart's removal was "defective because the amount in controversy, exclusive of interests and costs, [did] not exceed $75,000."

This court then remanded the matter on March 29, 2005, stating that "from ... the wording and claims [of plaintiff's complaint, the court] cannot say that plaintiff is seeking a sum in excess of the jurisdictional minimum.  Thus, without some 'other paper' to provide evidence of the jurisdictional requirement being met, this court cannot conclude that the amount in controversy *sub judice* exceeds $75,000.00, exclusive of costs and interests."

After remand, on or about April 29, 2005, plaintiff responded to certain requests for admission propounded under Rule 26(a)[3] of Civil Procedure by Wal-Mart in its effort to finally establish the amount in controversy.  Through his responses, plaintiff refused to admit that:  (1) the value of his claims for damages does not exceed the amount of $75,000.00;  (2) he would not accept any sum greater than $75,000.00 for damages, even if awarded by a jury;  (3) he would never seek to amend his complaint to an amount above $75,000.00;  (4) he would never seek a verdict from any jury

---

[3]Mississippi Rule of Civil Procedure 26(a) permits parties to "obtain discovery by one or more of the following methods: . . . requests for admission."

hearing this matter greater than $75,000.00;  and (5) he would never seek a verdict in excess of $75,000.00, exclusive of interest and costs, at the trial of this matter.[4]

Wal-mart thereafter filed a second notice of removal **[docket # 1]** on May 16, 2005, after receipt of Plaintiff's denial of the requests for admission limiting damages sought.  This filing occurred within thirty days of Wal-Mart's receipt of this denial, but more than one year after initial commencement of the action.

### **Removal and Remand**

### Generally

A defendant may remove to federal court any civil action brought in state court if the federal court could have had original jurisdiction.  Title 28 U.S.C. § 1441(a).[5] Federal jurisdiction may be obtained under Title 28 U.S.C. § 1331,[6] federal question jurisdiction, or under Title 28 U.S.C. § 1332,[7] diversity of citizenship jurisdiction.

---

[4]*See* Plaintiff's Response to Defendants' Request for Admissions, attached as Exhibit "E" to Wal-Mart Stores, Inc.'s Response to Plaintiff's Motion to Remand **[docket # 5-3]**.

[5]Title 28 U.S.C. § 1441(a) provides in pertinent part that "any civil action brought in a State court in which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . ."

[6]Title 28 U.S.C. § 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[7]See fn 2.

Title 28 U.S.C. 1446(a)[8] governs the procedure whereby a defendant may properly remove an action from state to federal court. The defendant who seeks removal in a civil action on the basis of diversity jurisdiction must establish that the jurisdictional requirements of § 1332 are met, and is therefore always required to "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

In addition to the above jurisdictional requirements, the statute limits the timeliness of such action. Title 28 U.S.C. 1446(b)[9] requires that notice of removal be filed within thirty days of the time defendant is first served or, if not initially removable, within thirty days of the time defendant receives notice that removal is permissible. The one-year time limit for removal set forth in § 1446(b) is "not jurisdictional; it is merely modal and formal and may be waived." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (citing *Harris v. Edward Hyman Co.*, 664 F.2d 943 (5th Cir. 1981);

---

[8]Title 28 U.S.C. § 1446(a), (b) provides that:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

[9]Title 28 U.S.C. § 1446(b) provides in pertinent part that:

"(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or other wise, of a copy of the initial pleading..."

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

*London v. United States Fire Ins. Co.*, 531 F.2d 257 (5th Cir. 1976);  *Weeks v. Fidelity & Cas. Co.*, 218 F.2d 503 (5th Cir. 1955).

Subsequent Remand

Title 28 U.S.C. § 1446(b) provides that a case may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the action.  This prohibition is not absolute.  The courts have permitted removal in excess of this time period on equitable grounds, where the conduct of the parties indicate removal is proper, or even necessary to accomplish the goals of the statute.  *See Tedford v. Lambert Co.*, 327 F. 3d 423, 426 (5th Cir. 2003) (citing *Brown v. Demco, Inc.* 792 F.2d 478, 481 (5th Cir. 1986); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992));  *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992); *Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962 (S.D. Tex. 2001);  *Ferguson v. Security Life of Denver Ins. Co.*, 996 F. Supp. 597 (N.D. Tex. 1998);  *Kinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. 351 (M.D. La. 1996);  *Morrison v. National Ben. Life Ins. Co.*, 889 F. Supp. 945 (S.D. Miss. 1995).

**Analysis**

Wal-Mart herein contends that it properly removed this case to this court under § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  Plaintiff does not dispute that the parties are diverse.  Plaintiff contends that the requisite amount in controversy is not present here.  On its face, plaintiff's complaint does not seek more than $75,000.00;  the complaint asks for "judgment from Defendant for actual and compensatory damages

6

in excess of the minimum jurisdictional limits of this Court, plus applicable costs and pre- and post-judgment interest."

Wal-Mart points this court's attention to its request for admissions filed on April 27, 2005.  Plaintiff refused to admit that:  (1) the value of his claims for damages does not exceed the amount of $75,000.00;  (2) he would not accept any sum greater than $75,000.00 for damages, even if awarded by a jury;  (3) he would never seek to amend his complaint to an amount above $75,000.00;  and (4) he would never seek a verdict from any jury hearing this matter greater than $75,000.00.

Courts have found that failure of plaintiff to answer or refusal to stipulate a limitation on damages sought constitutes "other paper" under § 1446(b) sufficient to establish the requisite jurisdictional amount in controversy.  *Freeman v. Witco Corp.*, 984 F. Supp. 443 (E.D. La. 1997);  *Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878 (S.D. Miss. 1997);  *Bonnell v. Seaboard A.L.R. Co.,* 202 F. Supp. 53 (1962, N.D. Fla).  Further, because of plaintiff's failure to admit the above requests, this court is persuaded that plaintiff seeks more than $75,000.00, exclusive of costs and interest.  Accordingly, this court finds that this lawsuit features the requisite amount in controversy.

This court is further persuaded that the strictures of § 1446(b) relative to the one-year bar for removal do not here apply.  Earlier, Wal-Mart sought to remove this case to this court claiming that the requisite amount in controversy was present, only to be met by plaintiff's denunciation.  Now it appears that Wal-Mart was correct in its initial removal, that this case features the requisite amount in controversy.

7

Accordingly, this court is convinced that § 1446(b) with its one-year bar on removal of diverse cases from state court does not apply.  Equitable considerations govern this court's perspective.  *See Tedford v. Lambert Co.*, 327 F. 3d 423, 426 (5th Cir. 2003) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992));  *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992);  *Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962 (S.D. Tex. 2001);  *Ferguson v. Security Life of Denver Ins. Co.*, 996 F. Supp. 597 (N.D. Tex. 1998);  *Kinabrew v. Emco-Wheaton, Inc.*, 936 F. Supp. 351 (M.D. La. 1996);  *Morrison v. National Ben. Life Ins. Co.*, 889 F. Supp. 945 (S.D. Miss. 1995).

## **CONCLUSION**

This court finds that defendant properly removed this lawsuit from state court to this federal forum.  The parties are diverse in citizenship and this case features the requisite amount in controversy.  The court, therefore, denies plaintiff's motion to remand.  The parties are directed to contact the assigned Magistrate Judge for a scheduling order.

**SO ORDERED** this the 15th day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:05-cv-311WS
Order Denying Remand

8